[Crim. No. 1485. In Bank.—January 5, 1909.]

Ex Parte J. L. HALLAWELL, on Habeas Corpus.

SALE OF POISONS—ACT REGULATING IS CONSTITUTIONAL.—The act entitled "An act regulating the sale of poisons in the state of California, and providing a penalty for the violation thereof," (Stats. 1907, p. 124), is constitutional.

ID.—REASONABLENESS OF ACT—GIVING AWAY NOT PROHIBITED.—Such act is not invalid on account of its unreasonableness, in that it merely regulates the sale of poisons, declaring that they shall be sold only upon physicians' certificate, and does not prohibit the giving of them away.

ID.—TITLE OF ACT SUFFICIENT.—Section 8 of the act, in effect prohibiting the sale of poisons except upon a physician's certificate, is not void, as being a subject-matter not embraced within the title of the act, as required by section 24 of article IV of the constitution.

ID.—PROVISION OF ACT GERMANE TO TITLE.—Section 24 of article IV of the constitution does not require that the title of an act should be an index of all of its provisions, and so long as the provisions themselves are cognate, attingent, and germane to the subject-matter of the title, no violence is done to the constitution.

APPLICATION for a Writ of Habeas Corpus directed to the Sheriff of San Diego County.

The facts are stated in the opinion of the court.

L. E. Dadmun, for Petitioner.

Wright, Schoonover & Winnek, and Lewis R. Kirby, District Attorney, for Respondent.

HENSHAW, J.—Petitioner was convicted of a violation of section 8 of an act entitled "An act regulating the sale of poisons in the state of California and providing a penalty for the violation thereof." (Stats. 1907, p. 124.) His contention is that the act is void. He had made previous application for his discharge to the court of appeals for the second appellate district, and was remanded to custody. The opinion and conclusion of the court of appeals is reported in 8 Cal. App. 563, [97 Pac. 320]. With what is there said we are in full accord. Petitioner urges other considerations not discussed

by the court of appeals, which he insists show the invalidity
of the law in question. These may be briefly considered.

Thus, he urges that while the sale or disposition of poisons
may be subject to reasonable regulation by the state, the act
in question is not reasonable, since it regulates merely the sale
of poisons, declaring that they shall be sold only upon physi-
cians' certificate, and does not at all prohibit the giving of
them away. To this it may be answered that the legislature
doubtless had not perceived that the extravagant generosity
of pharmaceutists in giving away their poisonous drugs had
reached an evil calling for prohibitory legislation. Only when
such a time arrives will there be need for laws to meet the
peril.

As illustrating the hardship and injustice of the existing
law, petitioner points out that, "if a party comes to the drug-
gist who has his little store in a little hamlet, where no doctor
resides, and, perhaps, there is no local physician within miles,
and his child is suffering with the toothache or earache, or his
wife may be suffering with intense pain, or his horse may
have an acute attack of colic, and he comes to this druggist
and he calls for laudanum, the druggist who sells it to him
has violated the law"; but, if he gives it to him, he has not
violated the law. In the very harrowing picture which is thus
portrayed may be found another reason why the legislature
did not see fit to prohibit the giving away of the pain-soothing
poison. Recognizing that no druggist could resist such an
appeal, and that, to alleviate such suffering, he would cer-
tainly dispense his anodyne, it empowered him to do so with-
out violating the law by giving it away, trusting to his com-
mercial sense to see that this practice of gift-giving did not
grow into a state evil.

Finally, it is contended that section 8 is void, as being a
subject-matter not embraced within the title of the act, as
required by section 24 of article IV of the constitution. The
title of the act has been quoted above. Section 8 is quoted
in the opinion of the court of appeals above referred to and
adopted. Petitioner's argument is that, by its title, the act
is one to regulate the sale of poisons, while, by section 8, the
sale of certain poisons is prohibited. Clearly, such is not the
case. The sale is regulated by requiring a physician's cer-
tificate as an authority to the druggist for vending the poisons,

CLV Cal.—8

or, phrased differently, the sale is prohibited excepting upon a physician's prescription. But here it may be proper to say that the constitutional provision invoked was not designated as a loophole of escape from, or a means for the destruction of legitimate legislation. In times past an abuse had grown up, which consisted in attaching to a bill dealing with one matter of legislation a clause entirely foreign to that subject-matter, to the end that, hidden under the cloak of the meritorious legislation, the obnoxious measure might "ride through." Such "riders," as they came to be designated, not infrequently embraced ill-digested and pernicious legislation, relief bills, private appropriation measures, and the like, which would not have carried if the legislative mind had been directed to them. It was to cure this evil that the constitution made it mandatory that a bill should embrace but one subject-matter, and to meet the case of such a "rider" actually slipping through, declared that any matter foreign to the title of the bill should be held void. But it was never expected that the title to an act should be an index to all of its provisions, and so long as the provisions themselves are cognate, attingent, and germane to the subject-matter of the title, no violence is done to the constitution.

For these reasons the writ is discharged and the prisoner remanded.

Angellotti, J., Sloss, J., Lorigan, J., Shaw, J., Melvin, J., and Beatty, C. J., concurred.