[Civ. No. 2802.   Second Appellate District, Division. One.—April 28, 1920.]

THE PEOPLE, Respondent, v. CITY OF SAN BERNAR-DINO (a Municipal Corporation), Appellant.

[1] State Poison Act—Disposition of Fines—Law Applicable.— The state Poison Act, being a general statute, enacted by the legislature, and the offenses defined therein being state offenses— in other words, offenses which, in their commission or punishment, are not limited to the confines of any municipality—provision therein relating to the disposition of fines collected under its provisions and not the provision contained in a freeholders' charter of a given municipality, is of superior effect and must control.

[2] ID.—SUFFICIENCY OF TITLE.—An act entitled, "An act to regulate the sale of poisons in the state of California, and providing a penalty for the violation thereof," satisfies the requirement of the constitution as to its title.

[3] ID.—ACTION TO RECOVER PERCENTAGE OF FINES — NATURE OF — STATUTE OF LIMITATIONS.—An action by the state against a city to recover seventy-five per cent of certain fines imposed upon defendants in the police courts of that city after conviction therein of violations of the state Poison Act is one upon a liability created by statute, as to which the three-year statute of limitations is applicable.

APPEAL from a judgment of the Superior Court of San Bernardino County.   H. T. Dewhirst, Judge.   Affirmed.

The facts are stated in the opinion of the court.

William Guthrie for Appellant.

U. S. Webb, Attorney-General, Schweitzer & Hutton and G. B. Blanckenburg for Respondent.

JAMES, J.—Plaintiff sued to recover seventy-five per cent of certain fines imposed upon defendants in the police court of the city of San Bernardino after conviction of violations of the state Poison Act.   Judgment was entered agreeable to the prayer of the complaint and defendant appealed therefrom.   The appeal is presented on the judgment-roll.

[1]   The main contention of appellant is that by reason of provisions of the freeholders' charter, under which defendant city is organized, all fines collected in the police court are required to be paid into the city treasury for the benefit of the city; that the provisions of the state Poison Act in conflict therewith are null and void.   This argument is based upon the assumption that, in the prosecutions mentioned, the collection of fines and the disposition thereof is a municipal affair, and that the charter provisions affecting the matter are, therefore, of conclusive effect.   (Secs. 6 and 8, art. XI, Const.)   The Poison Act is a general statute, enacted by the legislature (see Act 2724, Deering's Gen. Laws), and the offenses defined therein may be designated as state offenses—in other words, offenses which, in their commission, are not limited to the confines of

any municipality.    The entire subject matter of the act relates in no manner to "municipal affairs." Upon the general subject of what is included within that term, see *Fragley* v. *Phelan,* 126 Cal. 383, [58 Pac. 923]. In *Roberts* v. *Police Court,* 148 Cal. 131, [82 Pac. 838], it was said, in the concurring opinion: "The jurisdiction of offenses defined by state law must be regulated by general state law, and such regulations cannot be altered or qualified by any provision of a freeholders' charter. The trial and punishment of offenses defined by the laws of the state is not a municipal affair. Jurisdiction of such offenses may be conferred upon police courts by act of the legislature, but cannot be conferred by special freeholders' charter, and certainly not in a manner which will impair the operation of general laws." In *Fleming* v. *Hance,* 153 Cal. 162, [94 Pac. 620], it was held that the matter of the prosecution of state offenses in police courts was not a municipal affair, and in touching upon the question of the disposition of fines collected in such cases, the court said: "The legislature was not bound to turn this source of revenue over to the city; but its doing so did not authorize it to compel the city to pay expenses not properly chargeable to it." If the general statute had been silent upon the subject of the disposition of fines collected under its provisions, then it might, with reason, be held that the charter provision giving general direction as to the disposition of all fines collected in the police court would be operative. The statute, however, designates specifically that the fines shall be apportioned, twenty-five per cent to the city and seventy-five per cent to the state board of pharmacy; and this provision relating, as it does, to a state affair, one in which the people generally are interested, is of superior effect and must control.

[2] The second proposition made by appellant is that the title of the poison act does not satisfy the requirement of the constitution, in that it is not sufficiently expressive of the contents of the act. The act is entitled, "An act to regulate the sale of poisons in the state of California, and providing a penalty for the violation thereof," and we think is sufficient, under the decisions made in *Ex parte Liddell,* 93 Cal. 633, [29 Pac. 251], and *Matter of Yun Quong,* 159 Cal. 508, [Ann. Cas. 1912C, 969, 114 Pac. 835].

[3]    Appellant's last point is that the demand for re-
covery of certain fines was barred by the provisions of sec-
tion 339 of the Code of Civil Procedure—the two-year stat-
ute.    Counsel's position as to this defense would be correct
if the two-year statute applied.    However, we are of the
opinion that the three-year statute is the one to be considered
(Code Civ. Proc., sec. 338), and that the action is one upon
a liability created by statute, rather than upon the obliga-
tion specified in section 339.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.