[S. F. No. 15486.  In Bank.—January 23, 1936.]

THE PEOPLE, Petitioner, v. ONE HARLEY–DAVIDSON MOTORCYCLE, MOTOR NUMBER 32VL1807, Respondent.

U. S. Webb, Attorney-General, Seibert L. Sefton, Deputy Attorney-General, for Petitioner.

John O'Donnell for Respondent.

WASTE, C. J.—The State Narcotic Act, section 15, provides for the seizure and forfeiture of vehicles used to transport drugs.  In this action it was alleged in the notice of seizure that the Harley-Davidson motorcycle had been unlawfully used in the transportation of narcotics.  An answer was filed by one Dudley Perkins (hereinafter called "the claimant"), in which it was alleged the claimant had sold the motorcycle, a used machine, to a Chinese boy named Lee on a conditional sales contract, the terms and payments of which had not been completed, and, therefore, the claimant was entitled to a lien on the vehicle.

The act provides (sec. 15 [e], in part) : ''The claimant of any right, title or interest in said vehicle may prove his lien, mortgage, or conditional sales contract to be *bona fide* and that such right, title or interest was created after a reasonable investigation of the responsibility, character and reputation of the offender and without any knowledge that the vehicle was being, or was to be, used for the illegal transportation of such drugs.''

The trial court found that the sales contract was *bona fide,* entered into after a reasonable investigation, and gave judgment for the claimant and ordered the release of the motorcycle. The People have appealed.

The primary contention on the appeal is that the claimant did not make sufficient proof that a reasonable investigation was made by the claimant as to the responsibility, character and reputation of the offender Lee before selling the motorcycle to the latter on the conditional contract. The only evidence on that point is that the claimant asked and obtained from Lee the names of three references, one of them a seventeen year old Chinese boy, another of the names being that of the Chinese firm by whom Lee was employed. The claimant sent an assistant to the place of business of this firm, and ascertained (so far as the record shows) only the fact that Lee was there employed. No other inquiries were made or information sought. To the argument of respondent that many similar sales are made without the exercise of an equally, and perhaps with even a less, reasonable degree of care, an answer seems to be that the statute requires that a greater showing must be made by one who may be called upon to defend against the law relating to seizure and forfeiture of vehicles used in violation of the salutary provisions of the Narcotic Act. It does not appear that the claimant knew or had any knowledge of Lee before he appeared at claimant's place of business and sought to buy the motorcycle. The evidence as to efforts to check on the whereabouts and activities of Lee, made when he was found to be an offender, most strongly indicates that the seller of the motorcycle would not, as a reasonably prudent man, have entered into the contract if he had sought any reliable information about Lee. Under these circumstances, it cannot be said that one inquiry at Lee's place of employment to ascertain if he was there employed measures up to the *reasonable investigation of the responsibility, character, and*

*reputation of the offender* required by the act. The claimant did not prove his right to the lien.

A second contention of the People is that the court erred in ordering the return of the motorcycle to the claimant; that it should have been sold, the amount due to claimant being less than the value of the vehicle. (Narcotic Act, sec. 15 [f].) The evidence addressed to the value of the used motorcycle is weak, consisting only (in effect) of subtracting the amount paid from the face value of the contract. However, as claimant has not proved the matters required by the act in relation to the contract, the second contention becomes immaterial. He is not entitled to any relief in the action.

The judgment is reversed.

Curtis, J., Thompson, J., Seawell, J., and Shenk, J., concurred.

CONREY, J.—I dissent. It is conceded that the only defect in the claimant's investigation related to the responsibility, character and reputation of the purchaser of the machine, *in other words, his moral responsibility.* The statute (State Narcotic Act, sec. 15 [e], Deering's 1933 Supp., Act 5323) is not an act regulating sales of personal property other than the dangerous substances covered by the title. A motorcycle, like a horse and buggy, is an ordinary subject of merchandise. The statute does not say that there must be an investigation of moral character before one may sell a motorcycle or other vehicle to a proposed purchaser. I can see no good reason for reading into the statute a meaning which its words have not expressed or for giving to the statute a construction which easily may operate so as to destroy rights of property held honestly and in good faith. Moreover, in this case the implied finding of the trial court is that the claimant did make a reasonable investigation of the responsibility, character and reputation of the purchaser before selling the motorcycle. Since there is evidence that some investigation was made, although not particularly directed to the question of moral character, I think there is no good reason for reversal by this court of the trial court's decision.

Langdon, J., concurred.