[Civ. No. 9864. First Appellate District, Division One.—March 18, 1936.]

THE PEOPLE, Appellant, v. ONE FORD V8 TUDOR SEDAN, ENGINE No. 18–568204, Respondent.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Appellant.

Wm. B. Hornblower and Raymond H. Schubert for Respondent.

KNIGHT, J.—This proceeding was instituted by the state under the authority of the State Narcotic Act for the forfeiture of the automobile above described, which the state seized while it was being used admittedly for the unlawful purpose of transporting narcotics. At the time of the seizure the automobile was subject to a vendor's conditional sales contract upon which there was an unpaid balance; and pursuant to the provisions of section 15 (e) of said act the finance company holding the sales contract filed an answer asking for

the release of the automobile. Upon trial, judgment was entered in its favor, and the state appeals.

The ground upon which the appeal was taken was that the record discloses no evidence showing compliance by the claimant or its assignor with the provisions of said section 15 (e) declaring in substance that in order to establish priority of lien against the state in cases such as this, the claimant must prove, among other things, that his right, title or interest in the vehicle "was created after a reasonable investigation of the responsibility, character and reputation of the offender . . . "; and in view of the decision rendered in the recent case of *People* v. *One Harley-Davidson Motorcycle*, 5 Cal. (2d) 188 [53 Pac. (2d) 970], the state's contention must be sustained. However, it is not necessary to comment further on this assignment for reversal, because respondent has made no attempt to dispute any of the points made by the state in this behalf nor otherwise to justify the trial court's decision upon the ground that it is supported by the evidence.

Instead, respondent challenges the constitutionality of the provisions of section 15 (e) above quoted, it being contended in this regard that the subject-matter thereof constitutes an attempted regulation generally of the business of vending automobiles and other vehicles, which goes beyond the purposes of the Narcotic Act as they are expressed in its title (sec. 24, art. IV, Const.); also that said provisions are uncertain and unreasonable.

The main argument made against the sufficiency of the title is based largely if not altogether upon certain language used by the District Court of Appeal in affirming the judgment rendered by the trial court in favor of the claimant in the Harley-Davidson Motorcycle case above referred to, when the appeal therein was before the District Court of Appeal for determination. (81 Cal. App. Dec. 742 [45 Pac. (2d) 244].) In this regard the court stated: "The plaintiff [the State] contends: 'That it was the intention of the legislature to require the investigation to be in reference to the purchaser's moral responsibility, character, and reputation is clearly shown by the type of statute in which the forfeiture provisions are contained.' The error in this contention rests in the confusion of two classes, (1) vendors of narcotics and (2) vendors of motor vehicles. The statute in its title and in all its parts regulates the first class. It does not and, under

article IV, section 24 of the Constitution, it could not also purport to regulate the second class.'' However, subsequent to the decision of the District Court of Appeal and the filing of respondent's brief herein the appeal in that case was taken over by the Supreme Court, which later, and contrary to the decision of the District Court of Appeal, upheld the state's contention and reversed the trial court's judgment. (*People* v. *One Harley-Davidson Motorcycle*, 5 Cal. (2d) 188 [53 Pac. (2d) 970].) And while the latter decision evidently did not turn on the constitutional objection suggested by the District Court of Appeal, nevertheless the Supreme Court by its decision in effect sustained the validity of said section 15 (e) by declaring that proof of compliance with its provisions is a necessary prerequisite to the establishment of a claimant's right of priority against the state in forfeiture proceedings brought by the state under the authority of said act.

Entirely aside, however, from the effect of the decision in that case, we cannot agree with respondent's contention that the inclusion of the provision in question in said act violates the constitutional requirement that the subject of every act shall be embraced in its title. As stated in California Jurisprudence (vol. 23, p. 653), it is well settled that the title of an act may be general, and need not contain anything beyond what is necessary to disclose the general nature or character of the subject of the legislation. The title is not required to give the substance of the bill, as that would make it almost as cumbrous as the bill itself and would tend to defeat rather than to accomplish its purpose. Nor need it express all of the details found in the body of the act, as the details provided for the accomplishment of the general purpose of an act will be regarded as necessary incidents thereto. So, also, the title need not embrace an abstract or catalog of the contents of a statute, or consist of an index of all the provisions thereof. It is sufficient if provisions not mentioned in the title are germane to the general subject expressed. In other words, as said in *Ex parte Hallawell*, 155 Cal. 112 [99 Pac. 490], in sustaining the sufficiency of the title to the Poison Act, which was the predecessor of the present Narcotic Act, it was never expected that the title to an act should be an index to all of its provisions, and therefore so long as the provisions themselves are cognate, attingent, and germane to

the subject-matter of the title, no violence is done to the Constitution. (See, also, *Matter of Yun Quong,* 159 Cal. 508 [114 Pac. 835, Ann. Cas. 1912C, 969].) Here the act in question is entitled "An act to regulate the sale, possession, distribution and use of habit forming, narcotic and other dangerous drugs and substances, and providing penalties for the violation thereof", which as will be seen is broad enough in its scope to embrace every kind of regulation of traffic in narcotics and the imposition of various penalties for violations thereof, including the right of forfeiture under certain conditions of vehicles engaged in the transportation thereof. Manifestly there would be much force in respondent's contention if, as it argues, the provisions of the section under attack, irrespective of their connection with the operation of the Narcotic Act, constituted a compulsory regulation affecting the validity of sales of automobiles and other vehicles generally under mortgage or other liens, or conditional sales contracts. But said provisions will not support such construction. They become operative only in cases of the enforcement of the state's power, conferred by said act, to seize and forfeit, under certain conditions, automobiles and other vehicles engaged in the unlawful practices prohibited by the act; and therefore, since the subject-matter thereof is cognate and attingent to the general subject embraced within the comprehensive title given to the act, namely, the regulation of all kinds of traffic in narcotics and the imposition of penalties for violations thereof, the title is legally sufficient, under the doctrine of the authorities cited, to conform to the constitutional requirement.

Moreover, the title thus given to the Narcotic Act is much broader in its terms than the title given to the State Poison Law, which read: "An act to regulate the sale of poisons in the state of California and providing a penalty for the violation thereof"; and in passing upon the legal sufficiency of the latter it was held that the same was broad enough even to cover a provision contained in the act prescribing a method for the disposition of fines collected by inferior courts for a violation of the act's provisions. (*People* v. *City of San Bernardino,* 47 Cal. App. 232 [190 Pac. 482].)

Respondent's second point, that section 15 (e) contains unreasonable requirements, is fully disposed of by the decision in the Harley-Davidson Motorcycle case, *supra,*

which holds in effect that before a claimant is entitled to the release of a vehicle seized for violation of the Narcotic Act he must prove compliance with the provisions thereof; and the point is answered also by that group of decisions of the United States Supreme Court which hold that no constitutional guarantees are invaded by a statute which provides for the forfeiture of automobiles or other vehicles used for the unlawful transportation of narcotics, and that it is well within the power of a state, if it chooses so to do, to forfeit entirely all interests in a vehicle actually used in such unlawful enterprises, despite the fact that the owner or owners of such interests may have no knowledge of the unlawful purpose for which it is being used. (*Dobbins' Distillery* v. *United States*, 96 U. S. 395 [24 L. Ed. 637]; *Goldsmith, Jr.-Grant Co.* v. *United States*, 254 U. S. 505 [41 Sup. Ct. 189, 65 L. Ed. 376]; *Van Oster* v. *Kansas*, 272 U. S. 465 [47 Sup. Ct. 133, 71 L. Ed. 354, 47 A. L. R. 1044]; *Various Items of Personal Property* v. *United States*, 282 U. S. 577 [51 Sup. Ct. 282, 75 L. Ed. 558].)

Nor is there any merit in the suggestion that the use of the word "offender" in said section creates such an uncertainty in the meaning of its provisions as to render said section inoperative. Obviously the word "offender" was intended to designate the incumbrancer or conditional sales vendee, because in the final analysis it is his property which is offending against the law.

Therefore, inasmuch as the evidence shows as a matter of law that because of claimant's failure to comply with the provisions of said section is not entitled to any relief afforded thereunder, the judgment is reversed.

Tyler, P. J., and Cashin, J., concurred.