[Civ. No. 10474. First Appellate District, Division Two.—September 2, 1937.]

THE PEOPLE, Respondent, v. ONE PONTIAC 8 SEDAN, ENGINE No. 8–73976, Appellant.

Robert G. Partridge for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

SPENCE, Acting P. J.—This proceeding was brought to obtain an order of forfeiture of a certain automobile under the provisions of the State Narcotic Act. (Deering's Gen. Laws, Act 5323.) Richard McAfee, the registered owner, and Anglo California National Bank, the legal owner, appeared and answered. After a trial by the court, findings were made in favor of plaintiff and from the judgment ordering the forfeiture, the Anglo California National Bank has appealed.

The automobile was purchased by McAfee on a conditional sales contract from Hoppert & Bergesen. Said contract was

thereafter assigned to said bank. In response to allegations made in the answer of said bank, the trial court found that it was untrue that the conditional sales contract or the interest of the bank was created "after a reasonable investigation of the moral responsibility, character and reputation of the purchaser, Richard McAfee". No attack is made upon said finding, and a review of the evidence shows that no such investigation was made.

The briefs herein are devoid of appropriate headings (rule VIII, sec. 2, of the Rules for the Supreme Court and District Courts of Appeal; *Herlihy* v. *Ward,* 129 Cal. App. 434 [18 Pac. (2d) 992] ; *Lady* v. *Smith,* 19 Cal. App. (2d) 167 [65 Pac. (2d) 76]), but it appears to be the bank's contention that it was not required to prove that such investigation had been made in the absence of a showing by respondent that such an investigation would have developed knowledge of the intended illegal use. We find no merit in this contention.

The act (sec. 15, subd. e) is entirely clear upon the subject. It provides in part "the claimant of any right, title or interest in said automobile or other vehicle *may prove* his lien, mortgage, or conditional sales contract to be *bona fide* and that such right, title or interest was created after a reasonable investigation of the purchaser and without any knowledge that the automobile or other vehicle was being, or was to be, used for the purpose charged". Immediately following said portion of subdivision (e) is found this language of subdivision (f) : *"In the event of such proof,* the court shall order said automobile or other vehicle released to such *bona fide* or innocent owner, lien holder, mortgagee or vendor. . . . "  (All italics ours.)

There is, therefore, no doubt that the legislature placed upon the claimant the burden of proof as to the three elements which are conjunctively enumerated in the above-quoted portion of the statute. In the absence of such proof by the bank, as assignee of the conditional sales vendor, the trial court properly found against the allegations of its answer and entered judgment in favor of respondent. This view finds support in *People* v. *One Harley-Davidson Motorcycle,* 5 Cal. (2d) 188 [53 Pac. (2d) 970] , *People* v. *One Ford,* 12 Cal. App. (2d) 517 [55 Pac. (2d) 908], and *People* v. *One Lincoln Eight,* 12 Cal. App. (2d) 622 [55 Pac. (2d) 925].

While it is true that forfeitures are not favored in law and that statutes declaring forfeitures will be strictly construed, the statute here leaves no room for construction on the subject under discussion. It is not claimed that said statute is unconstitutional in any respect and the courts may not rewrite the clear provisions thereof under the guise of construing said provisions.

The judgment is affirmed.

Sturtevant, J., and Johnson, J., *pro tem.*, concurred.