[Civ. No. 11793.   First Dist., Div. One.   Mar. 27, 1942.]

THE PEOPLE, Appellant, v. ONE 1937 PACKARD 6 TOURING SEDAN, ENGINE No. T21720, Defendant; SAN FRANCISCO REMEDIAL LOAN ASSOCIATION, LTD. (a Corporation), Respondent.

Earl Warren, Attorney General, and Dennis Hession, Deputy Attorney General, for Appellant.

Thomas, Beedy & Paramore for Respondent.

KNIGHT, J.—This proceeding was instituted in behalf of the state pursuant to the provisions of chapter 7 of article I of the narcotics division of the Health and Safety Code, to obtain a judicial forfeiture of a 1937 Packard 6 touring sedan seized by state narcotic inspectors for the illegal transportation of cannabis sativa (marihuana). The car in question was being operated by the registered owner (hereinafter referred to as the purchaser). He was accompanied by a friend, and they were placed under arrest. The San Francisco Remedial Loan Association had refinanced the purchase of the car and was the legal owner thereof by virtue of a chattel mortgage given as security for the payment of a promissory note executed by the purchaser and endorsed by his father, upon which there was a balance due of $216 and interest. The finance company appeared in the proceeding by answer and at the trial sought to establish priority for its mortgage lien. The trial court found that at the time of the seizure the vehicle was being used for the illegal transportation of narcotics and gave judgment forfeiting the interest therein of the purchaser, but denied a forfeiture of the interests of the finance company. This appeal was taken by the state from that portion of the judgment in favor of the finance company.

Section 11620 of said code provides that the claimant of any right, title or interest in a seized vehicle may prove his lien, mortgage or conditional sales contract to be bona fide *and that his right, title and interest was created after a reasonable investigation of the moral responsibility, character and reputation of the purchaser* and without any knowledge that the vehicle was being or was to be used for the purpose charged; and section 11622 declares in effect that "In the event of such proof" the rights of the claimant shall not be forfeited. In construing the provision above italicized it has been held that the burden of proving that such investigation has been made rests upon the claimant (*People* v. *One Pontiac 8 Sedan,* 22 Cal. App. (2d) 503 [71 Pac. (2d) 302] ; *People* v. *One 1938 Buick Sedan,* 39 Cal. App. (2d) 42 [102 Pac. (2d) 447]), and that the statutory requirement imposed thereby is not met where the purchaser is unknown to the claimant and the inquiry extends only to the ascertainment of his financial responsibility to pay and no effort is made to investigate his moral responsibility, character or reputation. (*People* v. *One 1939 Buick 8 Coupe,* 43 Cal. App. (2d) 411 [110 Pac. (2d)

1013] ; *People* v. *One Packard 6 Touring Sedan,* 26 Cal. App. (2d) 150 [79 Pac. (2d) 130] ; *People* v. *One Lincoln Eight,* 12 Cal. App. (2d) 622 [55 Pac. (2d) 925] ; *People* v. *One Harley-Davidson Motorcycle,* 5 Cal. (2d) 188 [53 Pac. (2d) 970].) In speaking of the object sought to be obtained by the statutory requirement, the court in the first of the cases just cited goes on to say that the investigation of a prospective purchaser of an automobile is not alone for the protection of the financial investment of the seller or the institution financing the sale; that the Legislature has in effect said the public also has an interest in the character of persons who may acquire automobiles; that the purpose of the law clearly is, therefore, to keep automobiles out of the possession of those who might use them for an unlawful purpose and is one of the methods devised to aid in the prevention of crime.

In the present case the only proof offered by the claimant as to the matter of investigation consisted of the testimony given by the manager of installment loans of the finance company, who negotiated the loan; and he stated definitely that prior to making the loan the purchaser was unknown to him and that no attempt was made to investigate his moral character. In this regard the witness testified that he had never seen the purchaser prior to the time he applied for the loan; but that the purchaser told him he lived with his parents and that they had recommended that he refinance the purchase of the car with this company. Continuing, the witness stated that the company had known the purchaser's parents in a business way for about 10 years, during which period it had handled "many deals" with them; that he knew where they lived and knew that the purchaser's father was employed by the Southern Pacific Company and had been so employed for about 23 years. The witness then went on to say that so far as the finance company was concerned, the purchaser's parents had a fine reputation; that they were always found to be very reliable, and were very prompt in taking care of their obligations. The witness felt, however, so he testified, that since the purchaser was only 22 years old and the amount of the loan he was applying for ($250) was a "pretty heavy" obligation for him to carry, he "wanted to make sure that it was more or less with his parents' consent," and that accordingly he contacted the purchaser's father, who agreed to the loan and agreed to endorse the note, which he did. The witness

positively stated, however, that previously the purchaser was unknown to him and that he did not ask him for any personal references on the application; that he did ask him what his employment was and was informed that he worked as a musician at various clubs in San Francisco; but that he "did not contact them"—that he "felt that it was not necessary, due to the fact that the father authorized this loan." And finally, on cross-examination the witness was asked the direct question: "Did you attempt to make any investigation of his [the purchaser's] moral character?" and he answered, "No, I am sure we did not." Applying the law as laid down in the cases above cited to the foregoing admitted facts, it is apparent that the trial court's finding that the finance company's lien as mortgagee was created "after a reasonable investigation of the moral character and reputation of" the purchaser, cannot be sustained. (*People* v. *One 1939 Buick 8 Coupe, supra.*)

As supporting the trial court's finding, the finance company emphasizes the undisputed fact that the reputation of the purchaser's parents was of the very best and that such reputation was well known to the finance company. But neither of the parents was the purchaser of the car; and the law requires that the reputation of the purchaser be investigated. It is doubtless true that the question of the extent and reasonableness of such investigation is primarily one of fact, and that a finding of the trial court on that issue will not be disturbed where found to be with evidentiary support; but here, as shown, the finance company admits that it made no attempt to investigate the moral character of the purchaser.

It follows, therefore, that the portion of the judgment in favor of the finance company from which the appeal was taken must be reversed, and it is so ordered.

Peters, P. J., and Jones (B. C.), J. pro tem., concurred.