[Civ. No. 65070. Second Dist., Div. One. Apr. 25, 1983.]

JOSEFINA HERNANDEZ et al., Plaintiffs and Appellants, v.
FRANK E. TEMPLE et al., Defendants and Respondents.

COUNSEL

Raul Palomo, William J. Cleary, Jr., and Michael J. Rand for Plaintiffs and Appellants.

Wells & Barber and Kurt A. Stiefler for Defendants and Respondents.

OPINION

**DALSIMER, J.**—Plaintiffs Josefina Hernandez, Esperanza Hernandez, and Elvira Hernandez appeal from the order of June 9, 1981, granting the motion of defendants, Frank E. Temple and Federated Department Stores, for summary judgment. Judgment was entered after appellants filed their notice of appeal.

Pursuant to California Rules of Court, rule 2(c), we deem the notice of appeal to be a timely notice of appeal from the judgment.

The complaint alleges that on September 18, 1976, while appellants were passengers in a vehicle driven by plaintiff Samuel Hernandez,[1] respondents so negligently drove and maintained another vehicle that it collided with the vehicle in which appellants were passengers, proximately causing personal injuries to appellants. Respondents' answer denied each of the charging allegations.

On January 31, 1980, respondents served appellants with a request for admissions. The first paragraph of the introductory portion of the request advised appellants that responses were due within 30 days after service of the request. The last sentence of the first paragraph of the introductory portion of the request stated, "If you fail to comply with the provisions of C.C.P. Section 2033 with respect to this request for admissions, each of the matters of which an admission is requested shall be deemed admitted." A second introductory paragraph defined the term "intersection." Thereafter, 11 matters were listed as to which admissions were requested. No warning was contained at the end of the document. Two of the matters as to which admission was requested were the assertion that Temple was not negligent in his operation of the Ralphs' truck so as to cause any of the alleged injuries and the statement that Ralphs was not negligent in the maintenance or operation of its truck so as to cause any of the alleged injuries. Appellants did not respond to the request for admissions.

On April 29, 1981, respondents filed a motion for summary judgment. The motion was supported by the declaration of Kenneth Powell, attorney for respondents. In his declaration Mr. Powell stated that on April 20, 1981, plaintiffs' request for relief from default concerning the request for admissions had been denied and that exhibit A to the declaration was a copy of the request for admissions. The motion also requested judicial notice of the court's file in this matter. Judicial notice of the file established that plaintiffs failed to respond to the request for admissions within 30 days after it was served and that they also failed to seek relief from default within the 6 months allowed by Code of Civil Procedure section 473. (A notice that matters had been deemed admitted was not served on appellants until after the expiration of six months past the date that responses were stated in the request to be due.)

■ Since neither the moving papers nor any document as to which judicial notice was requested established the relationship of Federated to Ralphs, there was no basis for granting the motion as to Federated.

Although certain deposition testimony was quoted in respondents' points and authorities, the record does not indicate that those depositions were before the

[1]Samuel Hernandez is not a party to this appeal.

court or that copies of the quoted testimony were introduced. Inasmuch as respondents requested judicial notice of the entire file, they also were relying on the declaration of Raul Palomo filed in opposition to respondents' previous motion for summary judgment. That declaration quoted from and incorporated by reference an attached police department traffic accident report which quoted an off-duty police sergeant as stating that he observed the truck driven by Temple enter the intersection on a yellow light and estimated its speed to be 40 miles per hour. Elvira Hernandez was quoted as saying that she saw her father, Samuel Hernandez, push his foot on the brake pedal as their vehicle approached the intersection, but that the car would not stop.

■ Summary judgment is a drastic procedure because it denies the right to a full trial, and doubts as to the propriety of granting such a motion are resolved against the moving party. (*Stationers Corp.* v. *Dun & Bradstreet, Inc.* (1965) 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785].) A defendant moving for summary judgment must make a factual showing conclusively negating the existence of each cause of action stated in the complaint or establishing a complete defense thereto. (*Tresemer* v. *Barke* (1978) 86 Cal.App.3d 656, 661-662 [150 Cal.Rptr. 384, 12 A.L.R.4th 27].) If any triable issue of fact remains, the motion for summary judgment must be denied. (*Ibid.*)

In the case at bench, if the matters as to which admission was requested were not deemed admitted, the evidence adduced by Temple was insufficient to establish either that he was not negligent in his operation of the truck or that his negligence, if any, did not cause appellants' injuries. It is therefore necessary to determine whether the matters as to which admission was requested have in fact been deemed admitted.

In 1980, Code of Civil Procedure section 2033 provided in pertinent part as follows: "(a) After service of summons or the appearance of a party, any other party who has appeared in the action may serve upon such party who has been served or who has appeared a written request for the admission by the latter of . . . the truth of any relevant matters of fact set forth in the request. . . . Each of the matters of which an admission is requested shall be deemed admitted, provided that the *original request* contained substantially the following words *at the end thereof*: 'If you fail to comply with the provisions of Section 2033 of the Code of Civil Procedure with respect to this request for admissions, each of the matters of which an admission is requested will be deemed admitted', unless, within the period designated in the request, not less than 30 days after service thereof or within such shorter time as the court may allow for good cause on motion and notice to the party to whom the request is directed or within such longer time as the court may allow for good cause and with or without notice, but in no event later than 60 days prior to the date of trial, the party to whom the request is directed serves upon the party requesting the ad-

mission either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part. . . ." (Stats. 1978, ch. 265, § 1, p. 549, italics added.)

Our determination whether the matters regarding which admission was requested have been deemed admitted turns upon the requirement that the warning of the "original request" be "at the end thereof." In *Billings* v. *Edwards* (1981) 120 Cal.App.3d 238, 246 [174 Cal.Rptr. 722], the court was faced with the question whether placement of the warning at the end of the introductory portion of the request meets the requirement that the warning be at the end of the "original request." Noting that the required statement was at the end of the "request portion" of the document and that the numbered requests then followed, the *Billings* court held that the party propounding the request for admissions had complied with Code of Civil Procedure section 2033.

Such a construction better achieves the clear statutory purpose of providing adequate notice of the consequence of failure to respond than does the construction proposed by the dissenting opinion. The construction proposed by the dissenting opinion would allow the warning to be buried in the middle of a lengthy introductory portion of the document as long as the warning was placed immediately following language of request. We do not believe this latter construction was intended by the Legislature. Although the statute expressly permits the language of warning to vary slightly from the language it suggests, the statute's requirement that the warning be placed at the end of the request portion of the document is unqualified.

■ The law abhors forfeitures and requires strict construction of statutes imposing them. (*People* v. *United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 906 [98 Cal.Rptr. 57, 489 P.2d 1385].) ■ Because failure to respond to a request for admissions under Code of Civil Procedure section 2033 will often result in judgment being entered against the party upon whom the request was served, section 2033 must be strictly construed. As recognized by *Billings,* a close reading of the statute discloses that the term "original request" is intended to refer to the introductory or request portion of the document. Unlike the request served in *Billings,* however, the required warning in the request served by respondents was contained in the last sentence of the first paragraph of the original request but before its final paragraph or the "end thereof." Applying the principle that statutes imposing forfeitures must be strictly construed, we conclude that a warning contained in the middle of the introductory paragraphs of a request does not meet the legislative requirement that the warning be placed at the end of the "original request." Because respondents' warning was not

located at the end of the "original request" within the meaning of Code of Civil Procedure section 2033, the matters as to which admissions were requested have not been deemed admitted.

The judgment is reversed.

Spencer, P. J., concurred.

**LILLIE, J.,** Dissenting.—I respectfully disagree with the conclusion that the matters as to which admissions were requested are not deemed admitted because the warning was not placed at the end of the original request within the meaning of Code of Civil Procedure section 2033 as strictly construed in order to prevent a forfeiture.

Nowhere in section 2033 does the word "forfeiture" appear. However, the question whether a statute imposes a forfeiture is not necessarily controlled by the designation which the Legislature has given to it; the determinative inquiry is whether the statute in fact results in a forfeiture. (See 36 Am.Jur.2d, Forfeitures and Penalties, § 9, p. 617.) "In law the word 'forfeit' means 'to lose and surrender to an individual or the state something that belongs to one for misconduct or breach of duty . . . . The term implies that there must be some person, natural or artificial, who is entitled to receive the benefit of the forfeiture when it accrues, and a breach of duty on the part of the one losing his interest in the property.' " (*Kuhlemeier* v. *Lack* (1942) 50 Cal.App.2d 802, 808 [123 P.2d 918]; italics omitted.) Under section 2033 if a party served with a request for admissions is given the specified warning and fails to respond to the request within the period designated in the statute, the matters of which an admission is requested will be deemed admitted. Where, as in the present case, plaintiff is the party served with a request for admissions and the matters deemed admitted negate his right to relief, he loses (or forfeits) his cause of action; the defendant thereby receives the benefit of the plaintiff's breach of the statutory duty to respond timely to the request. In this sense, section 2033 may be said to work a forfeiture.

As the majority opinion points out, the law disfavors forfeitures and statutes imposing them are to be strictly construed. (*People* v. *United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 906 [98 Cal.Rptr. 57, 489 P.2d 1385].) It is also true, however, that courts give to statutes which provide for forfeitures a construction consistent with justice and reason (*Datta* v. *Staab* (1959) 173 Cal.App.2d 613, 623 [343 P.2d 977]), and may not rewrite the clear provisions thereof under the guise of construction. (*People* v. *One Pontiac 8 Sedan* (1937) 22 Cal.App.2d 503, 505 [71 P.2d 302].) "Although such statutes must be strictly construed, this does not mean that when the intent of the law is plain, it may be defeated by an overnice construction or that a statute may be so construed as to

result in an absurdity that the legislature may not be presumed to have intended." (34 Cal.Jur.3d, Forfeitures and Penalties, § 6, p. 328.)

Section 2033 provides in pertinent part: "Each of the matters of which an admission is requested shall be deemed admitted, provided that the original request contained substantially the following words at the end thereof: 'If you fail to comply with the provisions of Section 2033 of the Code of Civil Procedure with respect to this request for admissions, each of the matters of which an admission is requested will be deemed admitted' . . . ." According to the majority opinion, "a close reading of the statute discloses that the term 'original request' is intended to refer to the introductory or request portion of the document." In support of this proposition the majority cite *Billings* v. *Edwards* (1981) 120 Cal.App.3d 238 [174 Cal.Rptr. 722], wherein it is stated: "Section 2033 provides that the *original request* must contain the magic words at the end thereof. We are satisfied that defendants complied with the section. (See exhibit A attached hereto.) The required statement is at the end of the request portion of the document. The numbered requests then follow. Plaintiff could not have been misled and would have been clearly warned in compliance with section 2033." (P. 246; original italics.) In *Billings* the warning appeared after a paragraph which read: "For the purposes of these Requests for Admissions and Interrogatories, 'accident' means the incident, occurrence or omission upon which the action is based." In the present case, while the warning precedes an explanatory paragraph, it appears at the end of the original request for admissions.[1] This is in literal compliance with the terms of section 2033. Under the guise of strictly construing section 2033 in order to prevent a forfeiture, we may not rewrite the statute to provide that the warning must be placed at the end of the "introductory portion" of the document rather than at the end of the original request. As *Billings* makes clear, the important consideration is that the

---

[1]Respondents' request for admissions reads in pertinent part:

"To PLAINTIFFS:

"Defendants, FRANK E. TEMPLE and FEDERATED DEPARTMENT STORES, request that plaintiffs, SAMUEL HERNANDEZ, ELVIA [*sic*] HERNANDEZ, JOSEFINA HERNANDEZ and ESPERANZA HERNANDEZ, pursuant to the provisions of C.C.P. Section 2033(a), admit, deny and/or answer the following Request for Admissions. Said responses are due within thirty (30) days after service hereof. If you fail to comply with the provisions of C.C.P. Section 2033 with respect to this request for admissions, each of the matters of which an admission is requested shall be deemed admitted.

"Whenever the word 'intersection' is used, it refers to the intersection of Main and Manchester.

"DATED: January 11, 1980

"WELLS, BARBER & SHERLOCK

"By_____
KENNETH L. POWELL
Attorneys for FRANK E.
TEMPLE and FEDERATED
DEPARTMENT STORES"

Eleven numbered requests follow.

party served with the request could not have been misled and was clearly warned in compliance with section 2033. Those requirements are met here. To hold that appellants were not adequately warned because of the insertion of a one-sentence paragraph between the warning and the numbered requests defies reason and leads to an absurd result which the Legislature may not be presumed to have intended.

In my view the summary judgment cannot be reversed on the ground that appellants are not deemed to have admitted the matters of which admissions were requested because they were not warned of that consequence in accordance with the provisions of section 2033.

Appellants' petition for a hearing by the Supreme Court was denied June 29, 1983.