[Civ. No. 30666. Fourth Dist., Div. Three. May 23, 1984.]

EDWARD BARNETT, SR., et al., Plaintiffs and Appellants, v.
AMERICAN-CAL MEDICAL SERVICES, NO. 1, INC.,
Defendant and Respondent.

**COUNSEL**

Philipson & Hahn, Thomas G. Hahn and Allan F. Davis for Plaintiffs and Appellants.

Thomas & Elliott, Stephen L. Thomas and Jay J. Elliott for Defendant and Respondent.

**OPINION**

**CROSBY, J.**—This is another example of a harsh result occasioned by an attorney's failure to manage his law office with sufficient efficiency to avoid

the drastic consequences of not responding to requests for admissions and notices they have been deemed admitted (Code Civ. Proc., § 2033).

## I

Ollie Barnett died on March 11, 1980, while a patient at Park Superior Convalescent Hospital. Barnett's wife and other members of his family filed a wrongful death action against American-Cal Medical Services, No. 1, Inc. (American-Cal), doing business as Park Superior Convalescent Hospital, alleging its negligence was the proximate cause of Barnett's death.

On September 21, 1982, American-Cal served plaintiffs' counsel with requests for admissions. The following warning appeared after the last request: "If you fail to comply with the provisions of Code of Civil Procedure, Section 2033, with respect to these requests for admission, each of the matters of which an admission is requested will be deemed admitted."

Plaintiffs neither responded nor requested an extension of time to respond, and on October 27, 1982, American-Cal served plaintiffs' counsel with written notice each request had been deemed admitted per Code of Civil Procedure section 2033.[1] As required, the notice was sent by certified mail, return receipt requested. The receipt was signed by the receptionist for plaintiffs' counsel, but no response was forthcoming.

Defendant's counsel telephoned plaintiffs' counsel five weeks later and requested the action be dismissed in light of the deemed admissions. Plaintiffs' counsel then discovered for the first time both the requests for admis-

---

[1]All statutory references are to the Code of Civil Procedure. Section 2033, subdivision (a) provides in part: ". . . Each of the matters of which an admission is requested shall be deemed admitted, provided that the original request contained substantially the following words at the end thereof: 'If you fail to comply with the provisions of Section 2033 of the Code of Civil Procedure with respect to this request for admissions, each of the matters of which an admission is requested will be deemed admitted', unless . . . the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why the party cannot truthfully admit or deny those matters or (2) written objections . . . .

". . . . . . . . . . . . . . . . . . .

"Upon failure of a party served with requests for admissions pursuant to this section either to answer or to file objections within the period as designated in the request or as extended by the court, the party making the request may serve upon the other party a notice in writing by certified or registered mail, return receipt requested, notifying the party so served that the genuineness of the documents or the truth of the facts has been deemed admitted. Once the notice is served, the party upon whom the notice is served shall not have the right to apply for relief under the provisions of Section 473 unless a motion requesting relief is served and filed within 30 days after service of the notice."

sions and the certified letter notifying him the unanswered requests were deemed admitted. On December 6, 1982, plaintiffs filed a motion to set aside the admissions. American-Cal responded with a motion for summary judgment. The motions were heard together. The motion to set aside the admissions was denied, and American-Cal's motion for summary judgment was granted.

Plaintiffs do not deny the admissions are fatal to their cause if allowed to stand, but contend American-Cal did not strictly comply with the requisites of section 2033, the trial court incorrectly refused to exercise its inherent equitable powers to relieve plaintiffs of the default, summary judgment was an erroneous discovery sanction, and the requests for admissions were objectionable. Although sympathetic to plaintiffs' plight, we find these contentions untenable and affirm the judgment.

## II

American-Cal placed the statutory warning of section 2033 after the fifth and last request (see fn. 1, *ante*), just before counsel's signature line. The Barnetts, relying on *Hernandez* v. *Temple* (1983) 142 Cal.App.3d 286 [190 Cal.Rptr. 853], argue the warning must be placed "at the end of the introductory . . . [or] 'request portion' of the document [followed by] the numbered requests . . . ." (*Id.*, at p. 290.)

In *Hernandez* summary judgment for defendants was reversed because the statutory warning in the request for admissions was placed at the end of the introductory paragraph, but before a paragraph defining the term "intersection." Both paragraphs preceded the enumerated requests. The court, citing *Billings* v. *Edwards* (1981) 120 Cal.App.3d 238 [174 Cal.Rptr. 722], found the warning was not correctly placed "at the end" of the introduction as it should have been.

In *Billings* appellants argued the statutory warning should have been at the end of the enumerated requests, as they are here, rather than following the introductory portion of the document. The court dismissed the argument, noting, "The required statement is at the end of the request portion of the document. The numbered requests then follow. Plaintiff could not have been misled and would have been clearly warned in compliance with section 2033." (*Id.*, at p. 246.) The same rationale applies in this case. (See also *Hansen* v. *Superior Court* (1983) 149 Cal.App.3d 823, 828 [197 Cal.Rptr. 175].)

We agree with an observation of Justice Lillie in her dissent in *Hernandez*: "We may not rewrite the statute to provide that the warning must be

placed at the end of the 'introductory portion' of the document rather than at the end of the original request. As *Billings* makes clear, the important consideration is that the party served with the request could not have been misled and was clearly warned in compliance with section 2033. Those requirements are met here." (*Hernandez* v. *Temple, supra,* 142 Cal.App.3d at pp. 292-293.) So are they in this case. The warning was not hidden in the middle of introductory language as it was in *Hernandez,* but placed at the end of the original document requesting the admissions.

Moreover, plaintiffs cannot seriously claim they were misled; the warning could have been in fluorescent ink on every page with no different result. Counsel admittedly never saw the document until December 1983 after the telephone request to dismiss.

### III

The Barnetts concede their section 473 motion was not filed within 30 days, as required by section 2033 (see fn. 1, *ante*). This would alone appear to foreclose their appeal. Since section 2033 was amended in 1978, the party requesting the admissions may serve written notice on the served party by certified or registered mail, return receipt requested, that the requests for admissions have been deemed admitted, if there is no timely response. Thus, court intervention is no longer required. When matters are deemed to have been admitted due to failure to respond, the only avenue of relief is by way of a section 473 motion for mistake, inadvertence, surprise or excusable neglect. The motion must be made within 30 days after the party seeking the relief was served with the notice by certified or registered mail. In contrast, under prior law, the same relief could be sought for periods in excess of six months. (*Kaiser Steel Corp.* v. *Westinghouse Elec. Corp.* (1976) 55 Cal.App.3d 737, 744-745 [127 Cal.Rptr. 838].)

Nevertheless, the Barnetts claim the court has inherent equitable power to grant relief where a default was taken through extrinsic fraud or mistake (*Billings* v. *Edwards, supra,* 120 Cal.App.3d 238). We need not address the contention. Proper or not, the trial court did consider the question and concluded the "only factual showing relates to the internal operation of office of [the Barnetts'] counsel from approximately 10-27-82 to 12-3-82. . . . No factual showing of extrinsic fraud or mistake [was] made."

We discern no basis for a contrary holding on this record: "Fraud or mistake is extrinsic when it deprives the unsuccessful party of an opportunity to present his case to the court. [Citations.] If an unsuccessful party to an action has been kept in ignorance thereof [citations] or has been pre-

vented from fully participating therein [citation], there has been no true adversary proceeding, and the judgment is open to attack at any time. A party who has been given proper notice of an action, however, and who has not been prevented from full participation therein, has had an opportunity to present his case to the court and to protect himself from any fraud attempted by his adversary. [Citations.] Fraud perpetrated under such circumstances is intrinsic, even though the unsuccessful party does not avail himself of his opportunity to appear before the court. Having had an opportunity to protect his interest, he cannot attack the judgment once the time has elapsed for appeal or other direct attack." (*Westphal* v. *Westphal* (1942) 20 Cal.2d 393, 397 [143 Cal.Rptr. 405].) ■ Counsel concededly had proper notice and an opportunity in the legal sense to prevent what occurred here. There was no extrinsic fraud.[2]

## IV

■ The Barnetts' final contentions—that the requests for admissions were objectionable and the summary judgment merely an inappropriate discovery sanction—do not withstand scrutiny. Plaintiffs wholly failed to object to any of the requests in the manner required by section 2033 and cannot now complain on that score. (See, e.g., *Vidal Sassoon, Inc.* v. *Superior Court* (1983) 147 Cal.App.3d 681 [195 Cal.Rptr. 295] and *Mannino* v. *Superior Court* (1983) 142 Cal.App.3d 776 [191 Cal.Rptr. 163].) Moreover, plaintiffs confuse dismissal as a discovery sanction with summary judgment for the defendant when no triable issues of fact exist. Here, the court properly refused to set aside the admissions, and they were appropriately considered in granting the motion for summary judgment.

We agree the strong policy of the law to resolve disputes on the merits can be undermined by section 2033 with its almost unreasonably rigid procedures, but there are several answers to this concern. The Legislature created a law which is not ambiguous. The courts may not shrink from its implementation simply for lack of enthusiasm for harsh results. ■ Also, literal enforcement of section 2033 impacts attorneys and their malpractice carriers in the main, not so much plaintiffs who may simply shift sights from one defendant to another. (*Carroll* v. *Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892, 898 [187 Cal.Rptr. 592, 654 P.2d 775].) If the litigation bar wishes, it may apply to the Legislature to soften the law. Until then, attorneys with actual notice—or, as here, the equivalent—of the requests for

---

[2]Even if the section 473 motion had been timely, misplacement of the requests would not necessarily constitute excusable neglect. (*Price* v. *Hibbs* (1964) 225 Cal.App.2d 209, 217-218 [37 Cal.Rptr. 270].)

admissions and the notice deeming them admitted must move for relief within 30 days or risk assuming the defendant's position in the lawsuit.

Judgment affirmed. Respondent to recover costs on appeal.

Trotter, P. J., and Wallin, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 25, 1984. Bird, C. J., was of the opinion that the petition should be granted.