[No. B009275. Second District, Div. Four. May 22, 1986.]

ANDREW THOMAS, Plaintiff and Appellant, v.
MAKITA, U.S.A., INC., Defendant and Respondent.

**COUNSEL**

Marc R. Levine for Plaintiff and Appellant.

John J. Mallon and Mallon, Harmon & Beck for Defendant and Respondent.

**O**PINION

**KINGSLEY, J.**—Plaintiff and appellant, Andrew Thomas, sued Makita, U.S.A., Inc., defendant and respondent, and a number of other defendants for damages for personal injuries incurred while using a hand-held electrical grinder manufactured by respondent. The court below granted respondents' motion for summary judgment on the grounds that no triable issues remained. The court held the request for admissions had been deemed admitted and appellant was not entitled to relief from default. Appellant appeals from the judgment.

Appellant was a laborer for S & W Pipeline, a subcontractor to Kaufman and Broad, the general contractor for a tract of housing in Pomona. Appellant was using a Makita hand-held electrical grinder to prepare a section of pipe. He plugged the grinder into a temporary electrical outlet installed by Hamilton Electrical Maintenance. As a result of miswiring of the electrical outlet, voltage in excess of the grinder's design capacity caused the grinding wheel to rotate at excessive speed, fly into fragments, and hit appellant's leg. Appellant claimed the negligent installation of the electrical outlet proximately caused his injury. Appellant sued respondent for negligence and strict liability.

On August 4, 1983, respondent served on appellant a first set of request for admissions. The request contained a warning that failure to submit responses within 30 days of receipt would result in all requests for admissions being deemed admitted.

On September 2, 1983, appellant submitted unverified responses. On September 9, 1983, respondent notified counsel for appellant by certified correspondence (return receipt requested) that pursuant to Code of Civil Procedure, section 2033, each request for admission was deemed admitted. The return receipt was noticed and signed on September 12, 1983, and returned to counsel on September 14, 1983.

On September 30, 1983, respondent's counsel advised appellant that the responses were submitted unverified.

Appellant did not seek relief from the automatic admission functions of Code of Civil Procedure, section 2033, within 30 days of receipt of the "deemed admitted" notice, nor within 6 months after receipt of the notice.

On August 4, 1984, respondent filed a motion for summary judgment or, in the alternative, for summary adjudication of issues, on the ground that there was no triable issue as to any material fact due to appellant's failure

to comply with Code of Civil Procedure, section 2033, subdivision (a). Respondent further moved that its grinder could not be deemed defective as a result of a defect in the product of another, i.e., Hamilton's negligent installation of the electrical outlet.

Motion was granted on the ground that no triable issue remained in that respondent's admission had been deemed admitted and appellant was not entitled to relief from default. Judgment was entered for respondent and this appeal followed.

The issue before the court is whether the trial court erred in its finding that the matters in the request for admission were deemed automatically admitted under Code of Civil Procedure, section 2033, subdivision (a). If the requests for admission in the instant case were not automatically admitted, triable issues of fact remain, and the summary judgment should not have been granted.

For reasons we shall state below, we hold that the matters in the request for admission were not automatically admitted under Code of Civil Procedure, section 2033, subdivision (a), and that without those admissions, triable issues of fact remained.

Under Code of Civil Procedure, section 2033, subdivision (a), if a party served with a request for admission fails to respond within 30 days of service, the matters as to which the request is made are automatically deemed admitted upon "a notice in writing by certified or registered mail, return receipt requested, notifying the party so served . . . that the truth of the facts has been deemed admitted."

Appellant asserts that the matters were not automatically admitted, arguing that he did answer the request for admission, and secondly, even if those responses were not adequate (which he denies), the automatic admission aspect of Code of Civil Procedure, section 2033 never came into play for other reasons.

■ Appellant first argues that he did give his attorney the required verified responses, but that the verification was lost, and that the automatic admission provision of section 2033, subdivision (a), does not apply where plaintiff has verified the responses. In other words, appellant argues that he did sign a verified request within 30 days, although the verification was lost, and that there could be no automatic admission since the plaintiff actually had signed a verification. Plaintiff admits that the verification of the response was lost, but he argues that the loss of the verification should not be equated with submission of an unverified response.

A lost verification is tantamount to a failure to respond at all. The language of the statute clearly indicates that the verification must be "served" on the appropriate parties. Therefore appellants' lost verification is insufficient under the statute to satisfy the requirement of a verified response.

■ Also, the matters will be automatically deemed admitted under section 2033 only when the requests contain a proper warning (both in terms of wording of the warning and placement of the warning). The requests must warn in a very specific way that failure to comply with provisions of section 2033 will result in the matters being admitted. Section 2033 provides in part that requests for admissions will be deemed admitted, if certain time limits are not met, where the original request contained a warning "at the end thereof." The section requires that the words of the warning must substantially state that "'If you fail to comply with the provisions of section 2033 of the Code of Civil Procedure with respect to this request for admissions, each of the matters of which an admission is requested will be deemed admitted.'"

■ There is no question that respondent herein used substantially correct language in wording the warning[1] to appellant. However, for reasons stated below, we hold that the warning was improperly placed, and that the improper placement was fatal to the automatic admission characteristic of Code of Civil Procedure, section 2033, subdivision (a).

The placement of the warning at the end of the first paragraph and prior to the two definitions was insufficient to satisfy the clear requirements of the statute.

In *Billings* v. *Edwards* (1981) 120 Cal.App.3d 238, 246 [174 Cal.Rptr. 722], the court held that the required statement at the end of the request portion of the document, appearing immediately before the numbered requests, is sufficient, and the warning need not appear at the end of the list of enumerated responses. In the case at bar the warning is not at the "end of" the request portion, but instead the warning is followed by two definitions and therefore under *Billings,* the warning was inadequately placed.

---

[1]The warning, in part, reads as follows: "TO PLAINTIFF ANDREW THOMAS AND TO ITS ATTORNEYS OF RECORD: [¶] Defendants, Cross-Complainant, Defendant in Intervention and Cross-Defendant MAKITA U.S.A., INC., requests that Plaintiff ANDREW THOMAS respond, under oath, pursuant to Code of Civil Procedure, Section 2033, to the following requests for admissions within thirty (30) days after receipt thereof. Failure to respond in a timely manner will result in all requests being deemed admitted following service of the required notice to that effect. [¶] Whenever the term 'You' is used herein, it refers to plaintiff ANDREW THOMAS, as well as his agents, representative, and attorneys. [¶] Whenever the term 'subject grinder' is used herein, it refers to that grinding wheel which was allegedly used by plaintiff immediately prior to and at the moment of the subject accident and which allegedly contributed to plaintiff's injuries." Eighteen requests for admissions followed.

In *Hansen* v. *Superior Court* (1983) 149 Cal.App.3d 823 [197 Cal.Rptr. 175], the court examined the rule of *Hernandez*.[2] In *Hansen,* there were one and a half pages of admonitions, instructions and definitions. Near the middle of the second page there was a warning, but the warning was followed by 25 lines of definitions extending to the middle of page 3, where the inquiries finally began. The *Hansen* court concluded that a warning contained in the middle of the introductory paragraph of a request does not meet the legislative requirement that the warning be placed at the end of the original request, and therefore the matters as to which the admissions were requested were not deemed admitted. (149 Cal.App.3d at p. 829.)

Although *Hansen* may be factually a much stronger case than the case at bar, in that in *Hansen* the warning was buried in the middle of two and one-half pages of material, the reasoning of *Hansen* nevertheless is applicable to the case before us. In the instant case, like in *Hansen,* the warning was in the middle of the introductory matter, even though in the case at bar only one short paragraph followed the warning. Therefore, following *Hansen,* the warning in the case at bar was improperly placed.

Although *Hansen*'s reasoning applies to our case, even though *Hansen* presented factually a stronger case than our case for not applying the automatic admission provision of section 2033, the case of *Hernandez* v. *Temple, supra,* 142 Cal.App.3d 286, strongly supports our holding in both its reasoning and in its factual similarity to the case before us. In *Hernandez,* defendant's warning was not buried obscurely in a lot of material as it was in the *Hansen* case.

In *Hernandez* v. *Temple, supra,* 142 Cal.App.3d 286 (which *Hansen* later analyzed and followed), placement of the warning was similar to the placement of the case at bar. In *Hernandez,* the last sentence of the first paragraph of the introductory portion of the request contained the proper admonition, but the admonition was followed by a secondary introductory paragraph defining the term "intersection." Following this, 11 matters were requested. The *Hernandez* court held that although the statute permits the language of "warning to vary slightly from the language it suggests, the statute's requirement that the warning be placed at the end of the request portion of

---

[2]In *Hernandez* v. *Temple* (1983) 142 Cal.App.3d 286 [190 Cal.Rptr. 853], the appellate court held that the warning that appears in the last sentence of a paragraph of introductory remarks in a request for admissions, but which appeared prior to a secondary introductory paragraph defining the term "intersection," was insufficient to satisfy that portion of the statute which provides that the original request contains the warning "at the end thereof." The *Hernandez* court rejected the notion that the warning could be in the middle of an introductory portion of the document. Therefore, under *Hernandez,* the warning in the case at bar was improperly placed.

the document is unqualified." (142 Cal.App.3d at p. 290.) *Hernandez* held that the warning in the middle of the introductory paragraph of a request did not meet the legislative requirement that the warning be placed at the end of the "original request."

The similarity between the instant case and *Hernandez* in terms of the placement of the warning is persuasive. In *Hernandez,* the warning was followed by one definition ("intersection"). In our case, the warning was followed by two definitions ("'You'" and "'subject grinder'"). Under the reasoning of *Hernandez* and other cases, we hold that the warning herein was not placed "at the end thereof" as the statute requires.

It is arguable that other cases have held alternate placements of the warning to be sufficient. For example, in *Barnett* v. *American-Cal Medical Services* (1984) 156 Cal.App.3d 260 [202 Cal.Rptr. 735], the court held that the statutory warning required by section 2033 placed after the fifth and last request for admissions, and just before counsel's signature line, sufficiently warned counsel. The *Barnett* case held it was not necessary to specifically place the warning at the end of the "introductory portion" of the document. The *Barnett* court said that the warning therein was not hidden in the middle of the introductory language, as it was in *Hernandez,* but was properly placed at the end of the original document requesting admission.

Nothing in *Barnett* is inconsistent with what we have held here. Although *Barnett* held that the admonition after the last request and prior to the signature line was sufficient, the *Barnett* court distinguished its facts from the *Hernandez* facts, stating that the warning in *Barnett* was not hidden in the middle of the introductory language as it was in *Hernandez, supra,* 156 Cal.App.3d at page 265. Therefore, although *Barnett* held a warning is properly placed if it appears after the request for admissions, it did not hold that a warning is properly placed if it is in the middle of an introductory paragraph.

Under the reasoning of all the above cases, it is clear that a warning in the middle of the introductory language, as here, is insufficient to give notice under the statute. Section 2033 provides that the original request must contain the magic words *"at the end thereof."* (*Billings* v. *Edwards, supra,* 120 Cal.App.3d 238, 242; italics in original.) Whether we follow the contrary interpretation of *Barnett,* or whether we follow the rule of *Hernandez, Hansen* and *Billings,* the warning herein is insufficient. In the case at bar the warning was neither at the end of the introductory matter, nor at the very end of the request for admission, and therefore the matters in the case at bar were never automatically admitted, no matter which case we follow.

There is a strong policy to resolve disputes on the merits, and the Legislature has created a law which is not ambiguous. (*Barnett* v. *American-Cal Medical Services, supra,* 156 Cal.App.3d 260, 266.)

Since the warning was not placed "at the end of" the original request, the trial court below erred in concluding that the matters as to which admissions were requested were deemed admitted.[3]

The judgment is reversed.

Woods, P. J., and McClosky, J., concurred.

---

[3]It is unlikely that plaintiff can prove a case against the manufacturer, since it appears that the injury was caused by the negligence of another, the wiring company. Nevertheless, there are triable issues of fact as to who is negligent.