[No. B019147. Second Dist., Div. Seven. Sept. 17, 1986.]

GRIBIN VON DYL & ASSOCIATES, INC., Plaintiff and Respondent, v. IRVING KOVALSKY, Defendant and Appellant.

COUNSEL

Harold B. Bernson for Defendant and Appellant.

Levin, Ballin, Plotkin & Zimring, Jay J. Plotkin and Nancy O. Marutani for Plaintiff and Respondent.

OPINION

**LILLIE, P. J.**—Defendant Irving Kovalsky appeals from summary judgment entered against him and in favor of plaintiff Gribin Von Dyl & Associates, Inc. in an action to recover a real estate broker's commission.

### FACTUAL AND PROCEDURAL BACKGROUND

The verified complaint alleged: On November 16, 1981, the parties entered into a written agreement whereby defendant employed plaintiff, a licensed real estate broker, to sell condominium units owned by defendant. The agreement gave plaintiff the exclusive right to sell all but eight of said units, the excluded units to be designated by defendant, for the period July 14, 1981—July 13, 1982; plaintiff was to receive a commission of one and a half percent of the sales price of each unit subject to the agreement for which plaintiff produced a buyer willing and able to purchase on the terms prescribed by defendant; defendant was to install billboard signs advertising the units. Prior to December 20, 1981, plaintiff made diligent efforts to sell the units and otherwise performed all of its obligations under the agreement. On December 15, 1981, defendant, who controlled the sales prices and financing charges for sale of the units, raised those prices and charges to a level which was unreasonable and in excess of prevailing real estate market conditions. Such action on defendant's part violated the covenant of good faith and fair dealing implied in the agreement and made sale of the units unfeasible, thereby depriving plaintiff of the ability and opportunity to sell them. Defendant breached the agreement by raising the sales prices and financing charges for the units, by failing to designate those units not subject to the agreement, and by failing to install billboards. On December 17, 1981, plaintiff advised defendant that it was terminating the agreement because of such breaches. Defendant thereafter advertised the units at the lower prices and financing charges at which they had been offered before December 15. Plaintiff sought an accounting of sales of the units for the period December 17, 1981—July 13, 1982, and a judgment for the commissions due plaintiff based on such sales.

By verified answer defendant denied the allegations of the complaint.

Thereafter, on February 15, 1984, plaintiff served on defendant a request that he admit the truth of virtually all of the facts alleged in the complaint within 30 days from the date of service; at the end of the request was the required warning that if defendant failed to comply with the provisions of Code of Civil Procedure section 2033,[1] each of the matters of which an admission was requested would be deemed admitted. Within the 30-day period defendant neither answered the request nor filed objections thereto. Accordingly, on March 22, 1984, plaintiff served on defendant (by certified mail, return receipt requested) notice that the truth of the facts set forth in the request was deemed admitted. (§ 2033.) On April 6, 1984, defendant served a response to the request which consisted of his denial of each of the matters set forth in the request. By letter of April 11, 1984, plaintiff's counsel informed defendant's counsel that the purported response was rejected.

In August 1985 plaintiff moved for summary judgment. The motion was supported by declarations, documents produced by defendant in response to plaintiff's request, the deemed admissions, and a separate statement of undisputed facts. Defendant opposed the motion based on declarations, his verified answer to the complaint, his answers to interrogatories, and his response to request for admissions. Included in defendant's memorandum of points and authorities in opposition to the motion was a request that the trial court "allow the filing nunc pro tunc, as of April 6, 1984," of defendant's response to request for admissions.

Summary judgment was entered in favor of plaintiff and against defendant for $14,295 plus interest thereon of $3,428.39, for a total of $17,723.39, plus costs of $2,958. This appeal followed.

## DISCUSSION

### I

### DENIAL OF RELIEF FROM DEEMED ADMISSIONS

While the trial court did not expressly rule on defendant's request that the court consider as timely the service of his response to request for admissions, the judgment indicates that the request was denied.[2]

---

[1] All statutory references are to the Code of Civil Procedure.

[2] The judgment recites: "After full consideration of moving and responding papers, all supporting papers, and the oral argument of counsel, it appears and the Court finds that Plaintiff GRIBIN VON DYL & ASSOCIATES, INC. has shown by *judicial admissions,* judicial notice properly taken, admissible evidence and reasonable inferences from admissible evidence that there is no defense to the action, that Defendant IRVING KOVALSKY, individually and dba KOVALSKY DEVELOPMENT CO. has presented no triable issue of fact on the Complaint . . . ." (Italics added.)

In support of such request, defendant cited the following provisions of section 2033, subd. (a): ". . . Each of the matters of which an admission is requested shall be deemed admitted . . . unless, within the period designated in the request, not less than 30 days after service thereof or within a shorter time as the court may allow for good cause on motion and notice to the party to whom the request is directed or within such longer time as the court may allow for good cause and with or without notice, *but in no event later than 60 days prior to the date of trial,* the party to whom the request is directed serves upon the party requesting the admission . . . (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why the party cannot truthfully admit or deny those matters . . . ." (Italics added.) ■ Relying on the italicized language, defendant argued that inasmuch as the case was not set for trial, the court should consider as timely defendant's response to request for admissions, served on plaintiff April 6, 1984. Such argument lacked merit and was properly rejected by the trial court. The phrase "in no event later than 60 days prior to the date of trial" in section 2033 limits the length of the extension which may be granted for service of response to request for admissions; it does not authorize the court to grant such an extension at any time before commencement of the 60-day period. "[W]here a statute absolutely fixes the time within which an act is to be done it is peremptory and the act cannot be done at any other time unless *during the existence of the prescribed time* the time has been extended by an order made for that purpose under authority of law. [Citations.]" (*Ursino* v. *Superior Court* (1974) 39 Cal.App.3d 611, 619 [114 Cal.Rptr. 611], italics added.) Under section 2033 defendant's request to consider as timely his response to request for admissions, made more than a year after expiration of the 30-day period for response designated in the request, came too late and the court was without power to grant such relief.

■ Where, as in the present case, matters are deemed to have been admitted pursuant to notice served on a party following his failure timely to respond to a request for admissions, the only avenue of relief is that which is specified in section 2033,[3] viz., a motion under section 473 made within 30 days after the party seeking relief was served with the deemed admitted notice. (*Barnett* v. *American-Cal Medical Services* (1984) 156

---

[3]Section 2033, subdivision (a) provides in part: "Upon failure of a party served with requests for admissions pursuant to this section either to answer or to file objections within the period as designated in the request or as extended by the court, the party making the request may serve upon the other party a notice in writing by certified or registered mail, return receipt requested, notifying the party so served that the genuineness of the documents or the truth of the facts has been deemed admitted. Once the notice is served, the party upon whom the notice is served shall not have the right to apply for relief under the provisions of Section 473 unless a motion requesting relief is served and filed within 30 days after service of the notice."

Cal.App.3d 260, 265 [202 Cal.Rptr. 735].) At no time did defendant move for relief from the effect of his deemed admissions under section 473. ■ He argues that the trial court abused its discretion in failing to grant relief pursuant to its inherent equity power exercisable where a default was taken through extrinsic fraud or mistake. (See *Billings* v. *Edwards* (1981) 120 Cal.App.3d 238, 245 [174 Cal.Rptr. 722]; *Dolin Roofing & Insulation Co.* v. *Superior Court* (1984) 151 Cal.App.3d 886, 890, fn. 2 [199 Cal.Rptr. 37].) Nowhere in his points and authorities in opposition to the motion for summary judgment did defendant invoke the court's inherent equity power to relieve him from the consequences of his deemed admissions. Instead, defendant argued that his belated response to the request for admissions, together with his declaration in opposition to the motion, his answers to interrogatories and his verified answer to the complaint, raised triable issues of material fact which precluded entry of summary judgment.

The only indication that defendant sought relief from the deemed admissions is found in the declaration of Sanford Perliss, a law clerk for defendant's attorney, wherein the declarant stated: "I had at all times believed and do now believe that Ms. Marutani, of plaintiff's attorney's office, had agreed to disregard her notice that all requested facts were deemed admitted in light of our good faith attempt to answer the voluminous written discovery matters then pending as revealed in the correspondence contained in exhibits hereto and my several telephone conversations with her." Defendant contends the foregoing excerpt from Perliss' declaration establishes that plaintiff's attorney deceived defendant into believing that his late response to request for admissions was accepted. We do not agree. In reply to defendant's opposition to the motion for summary judgment, plaintiff submitted the declaration of its attorney, Nancy Marutani, stating that while she extended professional courtesies to Mr. Perliss during the course of discovery, she never led him to believe that plaintiff would accept defendant's late response to request for admissions; in fact, she sent a letter to Perliss expressly rejecting the proposed response as untimely[4] and, in a subsequent telephone conversation, called Perliss' attention to the fact that time for seeking relief from the deemed admissions was running out. Inasmuch as there was a substantial conflict in the facts stated in the respective declarations, we are bound by the trial court's implied finding that plaintiff did not lead defendant to believe his belated response was accepted, but on the contrary called defendant's attention to the necessity of seeking timely relief from the deemed admissions. (See *Griffith Co.* v. *San Diego Col. for Women* (1955) 45 Cal.2d 501, 507-508 [289 P.2d 476]; *Goya* v. *P.E.R.U. Enterprises* (1978) 87 Cal.App.3d 886, 891 [151 Cal.Rptr. 258].) Such finding negates

---

[4] A copy of the letter, dated April 11, 1984, was attached to Attorney Marutani's declaration and incorporated therein by reference.

the existence of extrinsic fraud, the essence of which "is that a party has been denied by his opponent or otherwise an opportunity to be heard or to fully present a claim or defense." (*In re Marriage of Wipson* (1980) 113 Cal.App.3d 136, 141 [169 Cal.Rptr. 664].) Accordingly, it cannot be said that the trial court abused its discretion in refusing to relieve defendant from the deemed admissions. (See *IT Corp.* v. *County of Imperial* (1983) 35 Cal.3d 63, 69 [196 Cal.Rptr. 715, 672 P.2d 121].)

In support of a contrary conclusion, defendant cites *Elston* v. *City of Turlock* (1985) 38 Cal.3d 227 [211 Cal.Rptr. 416, 695 P.2d 713], wherein it is stated: "Defendants did not allege that they were prejudiced by the delay in receiving responses to their request for admissions. Although the admissions procedure is designed to expedite matters by avoiding trial on undisputed issues, the request at issue here did not include issues as to which the parties might conceivably agree. Instead, the request essentially asked plaintiffs to admit that they had no cause of action. [¶] Defendants also failed to argue that setting aside the deemed admissions would prejudice their case. . . . [¶] Reversal of an order denying relief is appropriate where the effect of the order is to 'defeat, rather than to advance the ends of justice.' [Citation.] Accordingly, the trial court abused its discretion in denying plaintiffs' section 473 motion." (Pp. 235-236.) In *Elston*, the motion to set aside deemed admissions was made under section 473, not under the court's inherent equity power which defendant asserts was the basis of his request for relief. ▮ "To the extent that the court's equity power to grant relief differs from its power under section 473, the equity power must be considered narrower, not wider. [Citation.]" (*Weitz* v. *Yankosky* (1966) 63 Cal.2d 849, 857 [48 Cal.Rptr. 620, 409 P.2d 700].) Thus, a party who seeks to have a default set aside under a court's equity power must make a stronger showing than is necessary to obtain relief under section 473. (See *Carroll* v. *Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892, 901, fn. 8 [187 Cal.Rptr. 592, 654 P.2d 775]; *Wattson* v. *Dillon* (1936) 6 Cal.2d 33, 43.) "In order to qualify for relief under section 473, the moving party . . . must submit affidavits or testimony demonstrating a reasonable cause for the default." (*Elston* v. *City of Turlock, supra,* 38 Cal.3d at p. 234.) Inasmuch as defendant presented no evidence showing any excuse for his default in failing timely to respond to the request for admissions, he would not have qualified for relief under section 473; a fortiori, he did not qualify for relief under the stricter requirements for exercise of the court's equity power.

Defendant places great reliance on the fact that plaintiff did not claim prejudice as a result of his belated response to the request for admissions. ▮ Lack of prejudice, however, does not permit relief from default where the party seeking such relief fails to establish sufficient grounds therefor. (See *Carroll* v. *Abbott Laboratories, Inc., supra,* 32 Cal.3d 892, 900.) "If

lack of prejudice will not automatically enable one to succeed when making a motion under section 473, it should not *automatically* enable one who *fails* to make his motion within six months of the default [30 days under § 2033] to set aside the judgment by appealing to the *equity* powers of the court. To hold otherwise would encourage litigants to wait until the six-month period elapses before moving to set a default judgment aside." (*Weitz* v. *Yankosky, supra,* 63 Cal.2d 849, 857, original italics.) ■ Defendant also argues that the trial court abused its discretion in refusing to set aside the deemed admissions for the further reason that, as in *Elston,* the request for admissions did not include matters on which the parties conceivably might agree, but instead asked defendant to concede that he had no defense to the action. As we read *Elston,* that circumstance was not the basis for the holding that the trial court abused its discretion in refusing to set aside the deemed admissions. It was but one factor which militated in favor of granting such relief.

Defendant's final contention on this phase of the appeal is that his deemed admissions should not be used to deprive him of the right to defend against plaintiff's lawsuit. A similar contention was rejected in *Barnett* v. *American-Cal Medical Services, supra,* 156 Cal.App.3d 260: "We agree the strong policy of the law to resolve disputes on the merits can be undermined by section 2033 with its almost unreasonably rigid procedures, but there are several answers to this concern. The Legislature created a law which is not ambiguous. The courts may not shrink from its implementation simply for lack of enthusiasm for harsh results. Also, literal enforcement of section 2033 impacts attorneys and their malpractice carriers in the main . . . ." (P. 266.) Further, a party served with a request for admissions has three opportunities to avoid the consequences of deemed admissions: (1) Within the period designated in the request he may serve a response thereto or object to the request (§ 2033); (2) if he fails timely to do either and is served with a deemed admitted notice, he may apply for relief under section 473 within 30 days after service of the notice (*ibid.*); (3) even after the expiration of such 30-day period he may apply for relief under the court's inherent equity power exercisable in cases of extrinsic fraud or mistake (*Billings* v. *Edwards, supra,* 120 Cal.App.3d 238, 245). Defendant neither served a timely response to plaintiff's request for admissions nor sought relief from his default under section 473. While the record is by no means clear on the point, it may be inferred, from the declaration of Mr. Perliss in opposition to plaintiff's motion for summary judgment, that defendant sought relief from his deemed admissions pursuant to the court's equity power. The trial court impliedly found that defendant failed to make the showing required for equitable relief, and such finding is supported by the record. Under these circumstances, defendant is in no position to complain that his deemed

admissions deprived him of the right to defend against plaintiff's action on the merits.

## II

### PROPRIETY OF SUMMARY JUDGMENT

■ Summary judgment is proper if the evidence in support of the moving party is sufficient to sustain a judgment in his favor and the opposing party does not present any facts which give rise to a triable issue of material fact. (*Kallen* v. *Delug* (1984) 157 Cal.App.3d 940, 948 [203 Cal.Rptr. 879]; *Los Angeles County-U.S.C. Medical Center* v. *Superior Court* (1984) 155 Cal.App.3d 454, 458 [202 Cal.Rptr. 222]; § 437c, subd. (c).)

■ Defendant does not deny that his deemed admissions establish each of the elements necessary to sustain summary judgment in favor of plaintiff. He contends that the deemed admissions must be disregarded in determining the propriety of the judgment because the request for admissions "mirrored" the allegations of the complaint and consisted of "ultimate conclusions of fact" that "could not possibly have been admitted" by him. Defendant cites no authority which holds that requests for admissions are improper for the reasons set forth. Under section 2033 "requests for admission may be made without first obtaining an order of court. They thus constitute a vehicle of discovery to which the litigant is entitled as a matter of right, unless the opposing party successfully bears the burden of showing that they do not fall within the purview of the statute [citation]." (*Cembrook* v. *Superior Court* (1961) 56 Cal.2d 423, 427 [15 Cal.Rptr. 127, 364 P.2d 303].) Defendant did not avail himself of the right to object to the request for admissions provided by section 2033.[5] Defendant thereby waived such right (see *Rubin* v. *Los Angeles Fed. Sav. & Loan Assn.* (1984) 159 Cal.App.3d 292, 298 [205 Cal.Rptr. 455]; *Outboard Marine Corp.* v. *Superior Court* (1975) 52 Cal.App.3d 30, 41 [124 Cal.Rptr. 852]), and cannot avoid the binding effect of the deemed admissions based on the objections to the request which he now asserts. (See *Barnett* v. *American-Cal Medical Services, supra,* 156 Cal.App.3d 260, 266.)

Defendant further argues that, in any event, the deemed admissions are not a valid basis for summary judgment because his verified answer to the complaint denied the allegations thereof which he subsequently was asked to admit; accordingly, plaintiff knew what defendant's response to the request

---

[5]In response to a request for admissions, the party to whom the request is directed may serve upon the party requesting the admissions "written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part." (§ 2033, subd. (a).)

for admissions would be before the request was served. Defendant confuses the respective functions of the pleadings and the request for admissions. While the office of pleadings is to define the issues so that the parties may know what is involved in the litigation (*Horton* v. *Horton* (1953) 115 Cal.App.2d 360, 367 [252 P.2d 397]), requests for admissions "are primarily aimed at setting at rest a triable issue so that it will not have to be tried." (*Cembrook* v. *Superior Court, supra,* 56 Cal.2d 423, 429; see also *Miller* v. *Marina Mercy Hospital* (1984) 157 Cal.App.3d 765, 769 [204 Cal.Rptr. 62].)

Defendant further contends that, the deemed admissions notwithstanding, his answer raised triable issues of fact thereby precluding summary judgment. The contention lacks merit. ■ Where, as here, the moving party shows that he is entitled to summary judgment, the opposing party cannot rely on his pleadings but must make an independent showing that he has sufficient proof of the matters alleged to raise a question of fact. (*Grant* v. *Avis Rent A Car System, Inc.* (1984) 158 Cal.App.3d 813, 817-818 [204 Cal.Rptr. 869]; *Kallen* v. *Delug, supra,* 157 Cal.App.3d 940, 948.) "'Since the object of the [summary judgment] proceeding is to discover *proof,* the adverse party must file an affidavit in opposition to the motion; he cannot rely on a verified pleading alone.' [Citations.]" (*Mesler* v. *Bragg Management Co.* (1985) 39 Cal.3d 290, 297, fn. 3 [216 Cal.Rptr. 443, 702 P.2d 601], original italics.) ■ In opposition to the motion for summary judgment, defendant submitted his declaration wherein he contradicted several of his deemed admissions.[6] As against the admissions, the declaration was unavailing and did not raise triable issues of fact. (See *D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 21-22 [112 Cal.Rptr. 786, 520 P.2d 10]; *Leasman* v. *Beech Aircraft Corp.* (1975) 48 Cal.App.3d 376, 382 [121 Cal.Rptr. 768].) "[A]dmissions against interest have a very high credibility value. This is especially true when, as in this case, the admission is obtained not in the normal course of human activities and affairs but in the context of an established pretrial procedure whose purpose is to elicit facts. Accordingly, when such an admission becomes relevant to the determination, on motion for summary judgment, of whether or not there exist triable issues of *fact* (as opposed to legal issues) between the parties, it is entitled to and should receive a kind of deference not normally accorded evidentiary allegations in affidavits. [Citation.]" (*D'Amico* v. *Board of Medical Examiners, supra,* 11 Cal.3d 1, 22, original italics.)

---

[6]For example, contrary to certain facts he was deemed to have admitted, defendant in his declaration stated: at no time did he set the prices and financing rates for the condominium units above prevailing prices and rates in the Los Angeles area; prior to December 15, 1981, he specified in writing the eight units which were not to be offered for sale; at all times billboards were posted, as requested by plaintiff.

## DISPOSITION

The judgment is affirmed.

Thompson, J., and Johnson, J., concurred.