Filed 1/22/24  Alfaro v. SCO, LLC CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| YANIRA ALFARO, Plaintiff and Appellant, v. SCO, LLC, Defendant and Respondent. | B326036 (Los Angeles County Super. Ct. No. 20STCV38042) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Maureen Duffy-Lewis, Judge.  Affirmed.

Law Offices of M. C. Marks and MaryEtta C. Marks for Plaintiff and Appellant.

Christensen Hsu Sipes, Edward E. Sipes and Renee De Golier for Defendant and Respondent.

_____

Plaintiff and appellant Yanira Alfaro challenges the entry of summary judgment in favor of defendant and respondent SCO, LLC (SCO). In the trial court, Alfaro did not file a separate statement in opposition to summary judgment. On appeal, she offers no legal analysis to support her claims of error, and as a result, has forfeited her arguments. Additionally, she fails to demonstrate error because the facts deemed admitted negate essential elements of her alleged causes of action. We affirm.

## BACKGROUND

Alfaro filed the complaint in propria persona. Apparently, MaryEtta C. Marks represented Alfaro in the subsequent trial court proceedings.[1] Marks represents Alfaro on appeal.

### 1. *Complaint*

On October 5, 2020, Alfaro filed a complaint against SCO (erroneously sued as Shakey's Pizza #012). She alleged causes of action for negligence, negligent infliction of emotional distress, and an unspecified intentional tort. Alfaro averred she ate "red, raw and bloody" chicken at defendant's restaurant. She claims she almost died as a result, and shortly after arriving that day at work, had to be hospitalized.

### 2. *Motion for summary judgment*

SCO filed a motion for summary judgment arguing that the facts deemed admitted show as a matter of law that Alfaro

---

[1] Marks claims she did not substitute in as Alfaro's attorney of record in the trial court but instead made special appearances.

cannot establish essential elements of her causes of action.[2]  SCO represented, and it is undisputed, that the court deemed the following facts admitted:  (1) the chicken plaintiff ate at Shakey's was "properly cooked/prepared"; (2) "SCO did not cause Plaintiff damages"; and (3) Plaintiff did not sustain any injuries from the chicken she ate at SCO's restaurant.  These facts were included in SCO's separate statement.

SCO also attached as exhibits in support of its motion for summary judgment a copy of the requests for admission, its motion to have the facts in those requests deemed admitted, and the notice of ruling indicating that the facts were deemed admitted.

The attachments in support of SCO's motion for summary judgment show that, on April 30, 2021, SCO served the requests for admission on Alfaro and sent a courtesy copy to attorney Marks.  On behalf of Alfaro, Marks requested additional time to respond indicating Alfaro would provide responses on October 18, 2021.  On November 17, 2021, SCO filed a motion for a court order deeming the truthfulness of several of the requests for admission.  Also on November 17, 2021, SCO served the motion on Alfaro and sent Marks a courtesy copy.  SCO's notice of ruling states that on December 15, 2021, the court held a hearing on the motion to deem matters admitted.  Alfaro was represented at the hearing by attorney Marks.  The court deemed several of the requests for admission admitted and awarded no sanctions.  The

---

[2]  Alfaro has not included the motion for summary judgment in the record on appeal.  Respondent requested judicial notice of that motion.  By prior order, this court granted judicial notice of the motion for summary judgment and other papers filed in the trial court.

court ordered SCO to give notice. On December 17, 2021, SCO served the notice of ruling on Alfaro and a courtesy copy on attorney Marks.

### 3. *Opposition to motion for summary judgment*

Alfaro filed an opposing memorandum of law to the motion for summary judgment. Alfaro argued SCO failed to show the absence of a triable issue of fact. Specifically, Alfaro contended: "The Defendants [*sic*] do not have any evidence to show that there are no triable issues of fact. Instead, the Defendants [*sic*] want to rely on inferences, innuendo and argument. The law is clear that with respect to a motion for summary judgment only actual evidence and facts supported by evidence will suffice for the Defendants [*sic*] to establish that there are no triable issues of fact."

The opposition did not include a separate statement of material facts or identify any disputed fact.

### 4. *Ex parte motion to continue the hearing on summary judgment*

On October 25, 2022, the date for the summary judgment hearing, Alfaro filed an ex parte application to continue that hearing. She claimed she needed the continuance because, "[a]t the present time Attorney Marks does not have the financial ability to have the large volume of documents regarding the Defendant's Motion for Summary Judgment translated and or interpreted from English into Spanish. Therefore, currently Plaintiff is not aware of the contents of the Defendant's Motion for Summary Judgment." The ex parte application indicated the hearing on the summary judgment motion was scheduled for October 25, 2022.

4

## 5.       *Hearing on the summary judgment motion*

At the October 25, 2022 hearing, the court denied Alfaro's ex parte motion for a continuance of the summary judgment hearing.  The court and Alfaro's counsel engaged in the following discussion, which Alfaro states shows "a bias and negative opinion of the Appellant."

The court asked SCO's counsel if counsel received the late filed opposition to summary judgment and counsel responded she was able to view it on the court's website but did not receive it from Alfaro.  The court asked Marks whether she was fully engaged or making a special appearance and Marks responded that she was making a special appearance.

Marks reported, "The only thing I can say on my behalf is that Ms. Alfaro's case has been plagued with my own personal life.  A combination of health issues, and then major office issues in that my whole computer system is gone.  So all of that has affected her."  Marks continued arguing that SCO should have propounded discovery in Spanish.

The court stated, "The opposing papers must include separate statements responding to each material fact, identify other material facts.  Without a separate statement of undisputed facts with references to supporting evidence, it's impossible to demonstrate the existence of disputed facts."

Marks did not respond to the absence of a separate statement but indicated that she did not have the means to hire a Spanish language interpreter.

The court denied Alfaro's ex parte motion to continue the summary judgment motion.  The court denied Alfaro's request to "submit objections," a request Alfaro did not more specifically explain and has not further explained on appeal.  The court

5

stated that "[a]ll submissions are done.  Today is the day of the ruling . . . ."

## 6.    *Trial court grants summary judgment*

The trial court granted SCO's motion for summary judgment, stating, "There are no triable issues as to any material facts, and SCO is entitled to judgment as a matter of law, because (1) SCO did not breach any duty owed to Plaintiff; (2) SCO did not legally cause Plaintiff's alleged injuries; (3) Plaintiff did not suffer any damages as a result of the alleged Incident; and (4) SCO did not act with purpose and/or intent of any kind to cause Plaintiff harm."  The court's minute order states that Alfaro's failure to file a separate statement was itself a sufficient ground for granting the summary judgment motion.

After the trial court issued its order granting judgment, Alfaro filed a motion to tax costs and another document entitled "supplement to and in further support of motion for an order striking and/or reducing costs (taxing costs)" (supplement). (Boldface & capitalization omitted.)  On appeal, Alfaro cites to statements in that supplement to the effect that the chicken at Shakey's did not taste right and she did not consume any food within 24 hours of eating it.  Alfaro also cites her supplement for the proposition that she went to the emergency room and was diagnosed with salmonella poisoning and typhoid fever and paid over $19,000 for her hospital stay.  Alfaro cites the same supplement for the proposition that she no longer enjoys eating out and no longer eats chicken.  Finally, Alfaro relies on her supplement for the proposition that she "had re-ocurring bouts of Typhoid fever, Diverticulitis, urinary problems, headaches, muscle[ ] aches and cramps, stomach swelling and bloating" and her symptoms were worsening.  None of these purported facts

6

was included in her opposition to summary judgment and Alfaro fails to demonstrate that these facts were properly before the trial court or can be considered on appeal.

## DISCUSSION

We review the trial court's entry of summary judgment de novo. (*Arnold v. Dignity Health* (2020) 53 Cal.App.5th 412, 422.) In general, we presume that a judgment is correct. (*Jones v. Department of Corrections & Rehabilitation* (2007) 152 Cal.App.4th 1367, 1376.) On appeal from a summary judgment, the appellant has the burden of showing error. (*Claudio v. Regents of University of California* (2005) 134 Cal.App.4th 224, 230.) " ' "As with an appeal from any judgment, it is the appellant's responsibility to affirmatively demonstrate error and, therefore, to point out the triable issues the appellant claims are present by citation to the record and any supporting authority. In other words, review is limited to issues which have been adequately raised and briefed." [Citation.]' [Citation.]" (*Bains v. Moores* (2009) 172 Cal.App.4th 445, 455.) An appellant may abandon an argument by failing "to articulate any pertinent or intelligible legal argument." (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119; *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146 [" 'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' "].) These rules apply even if our standard of review is de novo. (See *Arnold v. Dignity Health*, *supra*, 53 Cal.App.5th at p. 423.)

## A. Alfaro Demonstrates No Error in The Trial Court's Grant of Summary Judgment

### 1. A trial court has discretion to grant summary judgment when the party opposing summary judgment files no separate statement; Alfaro does not contend on appeal that the trial court erred in not exercising that discretion

A party opposing summary judgment is required to provide ". . . a separate statement that responds to each of the material facts contended by the moving party to be undisputed, indicating if the opposing party agrees or disagrees that those facts are undisputed. The statement also shall set forth plainly and concisely any other material facts the opposing party contends are disputed. Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence. Failure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion." (Code Civ. Proc., § 473c, subd. (b)(3).)

Alfaro provided no opposing separate statement in the trial court and does not argue on appeal that the trial court abused its discretion in granting summary judgment based on the absence of such a separate statement. (See *Jones v. Department of Corrections & Rehabilitation, supra,* 152 Cal.App.4th at p. 1376 [trial court has discretion to grant summary judgment where party opposing summary judgment files no separate statement].) Alfaro has thus failed to demonstrate the trial court erred in granting summary judgment on this independent ground.

## 2. As a matter of law, Alfaro cannot show an essential element of her causes of action

A motion for summary judgment should be granted if the submitted papers show that "there is no triable issue as to any material fact," and that the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) A defendant meets his burden of showing that a cause of action has no merit if he shows that one or more of the elements of the cause of action cannot be established, or that there is a complete defense. (*Id.*, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849.) Once the defendant has met that burden, the burden shifts to the plaintiff to show that a triable issue of material fact exists. (*Aguilar*, at p. 849.)

At the summary judgment stage, it is proper to rely on facts deemed admitted. (*Barnett v. American-Cal Medical Services* (1984) 156 Cal.App.3d 260, 266; see also *Lattimore v. Dickey* (2015) 239 Cal.App.4th 959, 971 [trial court properly granted a motion for summary judgment based on deemed admissions].) The admission that Alfaro did not sustain any injuries from the chicken she ate at SCO's restaurant negates her allegation that she was harmed when she ate that alleged undercooked chicken. She also admitted she did not suffer damages. Alfaro's causes of action required showing injury and/or damages.[3] On appeal,

---

[3] The negligence, negligent infliction of emotional distress, and tort causes of action require an injury and/or damages. The elements of negligence include damages. (*County of Santa Clara v. Atlantic Richfield Co.* (2006) 137 Cal.App.4th 292, 318.) Damages is also an element of negligent infliction of emotional distress. (*Burgess v. Superior Court* (1992) 2 Cal.4th 1064, 1072.) Alfaro did not specify the intentional tort in her complaint. An intentional tort requires injury. (Restat.2d Torts, § 870, com. (e).)

Alfaro has failed to identify any cause of action alleged in the complaint that remain viable given her admissions.

We recognize that in the supplement submitted *after* the court ruled on the motion for summary judgment, Alfaro identified purported injuries stemming from SCO's alleged undercooked chicken. Nothing in the record, however, shows that Alfaro made any effort to withdraw or amend the facts deemed admitted and therefore the deemed admissions are established facts for purposes of deciding a summary judgment motion. (*Lattimore v. Dickey*, *supra*, 239 Cal.App.4th at p. 971.) Because SCO showed Alfaro cannot demonstrate an essential element of her causes of action, the trial court did not err in granting summary judgment.

Finally, Alfaro identifies 17 other claims of error with respect to the entry of summary judgment, none of which is supported by legal analysis or an explanation of the relevance of the cited legal principle. By failing to provide pertinent and cogent legal argument, Alfaro has abandoned these 17 claims of error. (*Berger v. Godden*, *supra*, 163 Cal.App.3d at p. 1120.) By way of example, Alfaro states the "trial court erred by requiring that Appellant marshal facts in opposition to the motion which refutes claims unrelated to the issues of the moving papers." There is no record support for this statement. Even if arguendo the trial court required the marshalling of certain facts, that would not demonstrate that the court erred in granting summary judgment.

---

"[I]njury denotes 'the invasion of any legally protected interests of another.' " (*Ibid.*)

10

## B. Alfaro Forfeited Her Remaining Arguments By Failing To Provide any Legal Analysis

### 1. Alfaro demonstrates no error in the trial court's denial of her request to continue the summary judgment hearing

The trial court denied Alfaro's ex parte motion requesting a continuance of the summary judgment hearing. On appeal, Alfaro's entire argument that the trial court erred in doing so is the following statement: "The trial court erred in denying the Appellant's ex parte application for a continuance regarding the hearing on the summary judgment motion." Alfaro offers no legal argument to support this statement. By failing to provide cogent legal argument, Alfaro has forfeited her claim of error. (*United Grand Corp. v. Malibu Hillbillies, LLC*, *supra*, 36 Cal.App.5th at p. 146.)

### 2. Alfaro's contention the trial court failed to consider her objections is also not supported with cogent legal argument

Appellant tersely contends: "The trial court erred in denying and foreclosing Appellant's attorney from making any objections to the proceedings and hearing." There is no legal analysis to support this statement. Alfaro has thus forfeited any argument based on it. (*United Grand Corp. v. Malibu Hillbillies, LLC*, *supra*, 36 Cal.App.5th at p. 146.)

### 3. Alfaro's claim of judicial bias is similarly unsupported with legal analysis

Appellant's entire argument that the trial court was biased is the following conclusory statement: "The trial court openly

11

expressed a bias and negative opinion of the Appellant that resulted [in] the denial of the Appellant's right to a fair and impartial tribunal." Alfaro has forfeited this argument by failing to provide any legal analysis to support her contention. (*United Grand Corp. v. Malibu Hillbillies, LLC*, *supra*, 36 Cal.App.5th at p. 146.)

### 4. Alfaro demonstrates no error regarding denial of her motion to strike or reduce costs

After the trial court entered judgment, Alfaro filed a motion to strike or reduce costs. The record on appeal does not include the trial court's order concerning that motion. On appeal, she states, "The trial court erred in denying Appellant's Motion for an Order Striking and or Reducing Costs (Taxing Costs)." Alfaro offers no legal analysis. Accordingly, she has forfeited this claim of error. (*United Grand Corp. v. Malibu Hillbillies, LLC*, *supra*, 36 Cal.App.5th at p. 146.)

### DISPOSITION

The judgment is affirmed. SCO, LLC is awarded its costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

BENDIX, Acting P. J.

We concur:

CHANEY, J.                    WEINGART, J.